IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH HENRY BROWN, TDCJ No. 1906549, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:20-cv-773-N-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On September 24, 2021, the undersigned United States magistrate judge to whom the Court referred this habeas action for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference entered findings of fact and conclusions of law recommending that Petitioner Joseph Henry Brown's *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 be denied as time barred in part because the evidence that Brown offers, a letter from the Texas DNA Mixture Review Project, does not amount to new reliable evidence that may allow a petitioner to pass through the narrow actual-innocence exception to AEDPA's statute of limitations [Dkt. No. 18] (the Limitations FCR).

Brown objected – specifically taking issue with the undersigned's analysis as to the actual-innocence exception – and the Court construed Brown's objections as seeking reconsideration of the Limitations FCR. *See* Dkt. No. 21. The construed motion for reconsideration remains referred to the undersigned under Section 636(b) and the Court's standing order of reference.

On November 29, 2021, the Court ordered Respondent to supplement his response to Brown's habeas application by January 13, 2022 – to specifically analyze Brown's showing as to the actual innocence exception to the statute of limitations – and the Court allowed Brown to file a reply to this response within 30 days of its service on him. *See* Dkt. No. 22. Respondent supplemented on January 12, 2022. *See* Dkt. No. 23. But Brown never filed a reply.

The undersigned now supplements the Limitations FCR and again recommends that the Court deny the application for a writ of habeas corpus as time barred.

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254, which may be overcome through a showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

But the actual-innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)); *see also Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court

must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

> As a threshold matter, a credible gateway "claim [of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence ... that was not presented at trial." *Schlup*, 513 U.S. at 324. "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Perkins*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

*Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018).

"Examples of 'new reliable evidence' are 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Fratta v. Davis*, 889 F.3d 225, 232 (5th Cir. 2018) (quoting *Schlup*, 513 U.S. at 324). And, "as the [United States] Supreme Court has explained, 'impeachment evidence provides no basis for finding' actual innocence because 'the evidence is a step removed from evidence pertaining to the crime itself.'" *Riley v. Dir., TDCJ-CID*, No. 3:18-cv-2439-S-BN, 2021 WL 4355379, at *5 (N.D. Tex. Sept. 24, 2021) (quoting *Calderon v. Thompson*, 523 U.S. 538, 563 (1998)); *see also Lucas v. Johnson*, 132 F.3d 1069, 1076 n.3 (5th Cir.

1998) (explaining that new evidence of actual innocence must be "material, not merely cumulative or impeaching" and thus capable of "produc[ing] acquittal at a new trial").

Brown's evidence, the September 18, 2018 letter from the Texas DNA Mixture Review Project [Dkt. No. 3 at 12-13], does not support a credible gateway claim of actual innocence. That is, the letter is not itself capable of securing Brown's acquittal at a new trial.

First, the import of the letter is unclear. It explains to Brown initially that the Texas DNA Mixture Review Project is "only investigating cases where there already has been DNA testing that hurt you somehow, either in inducing you to plead guilty or in helping convince a jury of your guilt." *Id.* at 13. The letter concludes that either (1) no DNA testing was done in Brown's case or, if there were DNA results, (2) those results had no connection to him. *See id.* at 12.

And, as the State explains – and Brown does not refute –

> two eyewitnesses identified him as the burglar at his trial and the State did not rely on DNA evidence to secure his conviction. Given that Brown, who was caught in the act, was found within minutes of the police arriving, wearing the clothing as described by the two witnesses, ample evidence connected him to the offense and the State did not request the collection of additional physical evidence.

Dkt. No. 23 at 7 (citing Dkt. No. 23-1, Ex. H).

DNA testimony was only introduced during the punishment phase of Brown's trial, regarding a separate burglary. *See id.* (citations omitted). And the punishment-phase evidence was more substantial than DNA testimony – and included Brown's pleas of true to enhancement allegations and his stipulation to more than one prior

conviction. *See id.* at 7-8 (citing *Brown v. State*, No. 05-14-00082-CR, 2015 WL 1811934, at *1 (Tex. App. – Dallas Apr. 20, 2015, no pet.); Dkt. No. 23-1, Ex. K).

## Recommendation

For the reasons explained in the September 24, 2021 findings, conclusions, and recommendation [Dkt. No. 18] as supplemented above, the Court should deny the application for a writ of habeas corpus with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 31, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE